JESSE B. THOMPSON, RESPONDENT, v. NORTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

See the *syllabus* in the case of *Bielenberg* v. *Montana Union Ry. Co. ante,* page 271, the two cases involving the same principles.

*Appeal from the Third Judicial District, Gallatin County.*

### STATEMENT.

The action was to recover the value of two horses killed by trains on the track of the Northern Pacific Railroad. The case was instituted in a Justice's Court, appealed to the District Court, and on motion transferred and tried in the District Court of Gallatin County, sitting to hear United States causes. The plaintiff recovered a judgment for three hundred dollars damages.

*Sanders, Cullen & Sanders,* for Appellant.

The cause of action set forth in the complaint is a tort, and the basis of it is the carelessness of the appellant. The theory of the court below seems to have been that the allegation of carelessness was redundant and immaterial, and the court based its views on section 713 of the fifth division of the General Laws of the Territory of Montana, pages 826 and 827; and the proposition involved is whether that legislation as to the Northern Pacific Railroad Company is valid. By an act found on page 365, et seq., of the twelfth volume of the United States Statutes at Large, the Northern Pacific Railroad Company was

created. It will be seen from said act that by the supreme authority of Congress, against which no territorial legislation is valid, the right to operate the Northern Pacific Railroad, without penalties, is secured. It is not claimed by the appellant that this right excludes the exercise by the local legislation of proper police power. The legislature may make the railroad company responsible for carelessness, and it may exercise that control that is essential to the good order and protection of society, and which is denominated the police power; but it cannot go beyond this. Said section 713 is not law, but is violence. The Supreme Court of the United States, in *Wilkinson* v. *Leland*, 2 Peters, 627, say the fundamental maxims of free governments seem to require that the rights of private property should be sacred. Article 1 of the Constitution provides that no State shall pass any law impairing the obligation of contracts. In article 5 of the Amendments it is provided that no person shall be deprived of his property without due process of law. (See *Taylor* v. *Porter*, 4 Hill, 145; 40 Am. Dec. 274; *Atchinson & N. R. R. Co.* v. *Baty*, 6 Neb. 37; 29 Am. Rep. 359; *Zeigler* v. *R. R. Co.* 58 Ala. 594.) This is not a case where the United States has attempted to resume its own grant, but where Montana assumes to take from the railroad company the grant of the general government. The defendant has the right to hold, possess, and enjoy property. It has earned this money, which the Montana legislature says it shall pay to other persons, without blame on its part, but because it chose to exercise the franchise it was authorized and required to exercise in a careful manner. Constitutions are not the creators of rights, but recognize and secure pre-existing rights. If, therefore, the section of the Montana statute is not the exercise of proper police power, is not due process of law, is punishment without crime, it is the solemn duty of this court to so declare. (See, also, *Dartmouth College Case*, 4 Wheat. 518; *Ohio & M. Ry. Co.* v. *Lackey*, 78 Ill. 55; 20 Am. Rep. 259.)

*Allan R. Joy*, for Respondent.

The appellant brings to the attention of this court only one question in this appeal, viz., the validity of section 713 of the fifth division of the General Laws of the Territory of Montana,

and concludes by saying: "If, therefore, the section of the Montana statute is not the exercise of proper police power, is not due process of law, is punishment without crime, it is the solemn duty of this court to so declare." A court cannot declare a statute unconstitutional and void solely on the ground of unjust and oppressive provisions, or because it is supposed to violate the natural, social, or political rights of the citizen, unless it can be shown that such injustice is prohibited, or such rights guaranteed or protected by the Constitution. (See *People* v. *Draper*, 15 N. Y. 532; Cooley on Constitutional Limitations, 197.) In a case of this kind it is only with the power of the legislature, viewed in relation to the fundamental law, and not with the expediency or propriety of its legislation, that the court has to do. These are matters for the consideration of the legislature itself when it enacts the law. The above act can only be declared invalid because it violates the Constitution of the United States or the acts of Congress, or interferes with or prevents the exercise of some right conferred or protected thereby. (*People* v. *Van Gaskin*, 5 Mont. 363, 364.) Is the statute in question the exercise of proper police power? The most that can be said of it is that it determines what testimony shall conclusively fix the liability of railroad companies for killing live stock. Has the legislature of this Territory the right to legislate on this matter? In section 719, page 830 of our Compiled Statutes, the legislature determined that certain facts shall be *prima facie* evidence of liability. In section 226, page 653 of our Compiled Statutes, our legislature claims to determine what shall be conclusive evidence in certain cases. Is this class of legislation by our legislature legitimate? In *Duffy* v. *Hobson*, 40 Cal. 243; 6 Am. Rep. 617, Justice Wallace, delivering the opinion of the court, says: "Congress has no constitutional authority to legislate concerning the rules of evidence administered in the courts of this State, nor to affix conditions or limitations upon which those rules are to be applied and enforced." If Congress has not this authority, who has? (See art. 10, Amendment to United States Constitution.) It follows, then, and must be conceded, that our statute deprives appellant of no right conferred or guaranteed by the Constitution or by its charter, and the liability of appellant in such cases, as well as the evidence necessary

to establish such liability, becomes a proper and needful subject for legislation. (See Enabling Act.) While the Constitution of the United States secures the protection and enjoyment of property, it is held subject to legislation, providing for the enforcement of contracts, the discharge of civil duties, and for remedies for private wrongs. The statute in this case provides a remedy for a private wrong, an injury to the property of the citizen, to be enforced in the courts of this Territory. This remedy is enforced by "due process of law." It cannot be defeated by the constitutional guarantees for the enjoyment of property. (*Mackie* v. *Central Railroad of Iowa*, 54 Iowa, 540.) The constitutionality of an act is determined by the language of the Constitution itself, and not by the acts of Congress. An act of Congress may be unconstitutional. The Northern Pacific Railroad Company was authorized to operate its road in a careful manner under the laws of the land which protect private property. Our statute making railroad companies liable for injuries from engines was held to be constitutional in *Diamond* v. *Northern Pacific R. R. Co.* 6 Mont. 592. Similar statutes in nearly all the States have been held constitutional. A statute authorizing double damages is constitutional, and is not a fine or penalty. (*Koons* v. *Chicago & Northwestern Ry. Co.* 23 Iowa, 493; *Mackie* v. *Central Railroad of Iowa*, 54 Iowa, 540.) If the laws themselves are equal, imposing the same burdens upon and affording the same remedies to all under the same circumstances, the requirement of equality is satisfied. (*People* v. *Brady*, 40 Cal. 213; 6 Am. Rep. 604.) If the statute in question is valid, as against any railroad company in this Territory, it is valid as against appellant. The corporation owes a duty to the owners of live stock running at large either to fence its road or pay for injuries resulting from a failure to fence. (*Welsh* v. *C. B. & Q. R. R. Co.* 53 Iowa, 632.) A statute is not unconstitutional because it excludes contributory negligence as a defense to an action brought for damages occasioned to persons or animals by want of a fence. (*Curry* v. *Northwestern Ry. Co.* 43 Wis. 665; *Quackenbush* v. *Wisconsin & M. R. R. Co.* 71 Wis. 472.) A railroad company which continues running its cars upon an open track undertakes at its peril that no harm shall come to the live stock running at large near such track, for the want of a

proper fence. (*McCoy* v. *California Pacific R. R. Co.* 40 Cal. 532; 6 Am. Rep. 623.) The horses in question were shown to have been killed at a point where the railroad of appellant was unfenced. There are cases where negligence will be presumed from proof of the accident, and this court has held that injuries caused by steam-engines come within this class, and this is a presumption arising from necessity, that justice may not be defeated. (*Diamond* v. *Northern Pacific R. R. Co.* 6 Mont. 592.) Every lawful business is supposed capable of being carried on in a manner that will be consistent with safety to the business and property of others. (Cooley on Torts, 661.) The fact that a railroad company is chartered, and has the lawful right to operate its road, does not give it the right to injure the property of others. The property of one man cannot be imperiled by giving a charter to another. If this were not so, the granting of a charter would be the imposing of burdens upon the private property of individuals—the condemning of such property without just compensation. (Cooley on Torts, 595.)

BACH, J.—The appeal from the judgment in this cause presents for review the same questions already decided, at this term, in the case of *Bielenberg* v. *Montana Union Ry. Co. ante,* p. 271. For the same reasons assigned in the latter cause this judgment in this cause is reversed with costs, and the cause is remanded to the court below for a new trial.

                                    *Judgment reversed.*

MCCONNELL, C. J., and LIDDELL, J., concur.