## W. H. FAIRCHILD, TREASURER,

v.

## SAMUEL RICH AND JULIUS RICH.

JANUARY TERM, 1895.

*Constitutional law. Dogs. Appraisal of damages done by. Measure of damages in action against owners. Joint action. Declaration.*

1. The statute relating to the payment and collection of damages done by dogs to sheep and other domestic animals is not unconstitutional because the damages are appraised without notice to the owner of the dogs, for such appraisal is not conclusive upon the owner, nor made with reference to the recovery of damages from him.

2. In an action by the town treasurer against the owner of the dog under R. L., s. 4049, the measure of damages would be the actual damages, and not the amount of the appraisal.

3. Such an action may be joint against the owners of two or more dogs.

4. *Held*, that the declaration was sufficient.

Action upon s. 4049, R. L.   Heard upon the report of a referee and exceptions thereto at the September term, 1893, Franklin county, TAFT, J., presiding.   Judgment *pro forma*, overruling the exceptions, for the plaintiff.   The defendants except.

The action was brought by the plaintiff, as town treasurer, to recover damages done by the worrying of sheep by the dogs of the defendants.   The referee found that, No-

vember 9, 1889, thirteen sheep belonging to one Merritt Mitchell, who owned a farm in Fairfield, were so damaged by dogs as to be practically a total loss ; that said Mitchell duly elected to hold the town of Fairfield responsible and so notified the selectmen ; that the chairman of said selectmen summoned two disinterested persons who appraised with him the damage at sixty-two dollars, and that the town had paid that sum.

The referee also found from evidence introduced by the plaintiff that the amount of damage done said sheep was sixty-two dollars, and that the dogs of the two defendants were concurrently engaged in the killing and worrying of said sheep.

The defendants objected and excepted to the admission of all testimony, for that the statute under which the action was brought was unconstitutional and void. The defendants further objected that there was no evidence tending to show that the dog of the defendant Samuel Rich was engaged in the killing. The evidence before the referee was that one witness had seen the two dogs starting out in company just before the worrying ; that the dog of Julius Rich had been seen on one of the sheep ; and that another witness, who was familiar with the bark of both dogs, thought from hearing them bark at the time that the dog of Samuel Rich was there in company with the other which he saw and identified in the pasture. No one saw the dog of Samuel Rich so as to identify him upon the occasion.

*H. F. Brigham*, *Isaac N. Chase* and *Wilson & Hall* for the defendants.

The statute in question is unconstitutional. It seeks to make the defendants liable for damages of the assessment of which they had no notice and to which they were not a party. Constitution U. S., art. 5 ; Broom's Maxims, p.

735; 1 Greenl. Ev., ss. 522, 523; *East Kingston* v. *Towle*, 48 N. H. 57.

The declaration is insufficient. The action should be *ex delicto*. 1 Chitty's Pl., 376, 108; *Skinner* v. *Grant*, 12 Vt. 456; *Bowman* v. *Stowell*, 21 Vt. 313; *Waterman* v. *Conn. & Pass. Rd. Co.*, 30 Vt. 610.

*W. P. Fairchild* and *F. S. Tupper* for the plaintiff.

The defendants were not concluded or affected by the assessment of the selectman and two appraisers. The amount of the damage was shown before the referee by independent testimony. 1 Greenl. Ev., s. 524; *Town of Wilton* v. *Town of Weston*, 48 Conn. 334, 335 and 336.

TYLER, J. The defendant's counsel contend that the statute under which the action is brought is unconstitutional because it provides for an appraisal of damages by the chairman of the selectmen and the two disinterested persons appointed by him without giving the owner of the dog an opportunity to be heard. If the appraisal were made final and conclusive upon such owner and he were required to pay the amount thereof, it would constitute a taking of his property "without due process of law." But this is not the meaning of the statute. The purpose of the appraisal clearly is to furnish the selectmen a basis for a settlement with the person claiming damages, inasmuch as the statute gives such person a claim upon the town. That this is the construction to be given s. 4043, R. L., is shown by the provisions of s. 4045, that during the month of December the selectmen shall examine the bills that have been presented for damages done by dogs to sheep and other domestic animals, and when doubt exists may summon the appraisers and all parties interested and make such examination as they think proper, and that they shall issue orders for all or any part of such bills as justice requires; that during the month

they shall transmit to the town treasurer the amount of the orders issued by them. Section 4046 directs the treasurer to pay such orders in full if there is a sufficient amount of the "dog fund" in the treasury; if there is not he shall divide the amount proportionally upon such orders. The appraisal of damages and issuance of orders is left largely to the judgment of the selectmen, and the payment of the orders is contingent upon the amount of a certain fund in the treasury. R. L., s. 4045, 4046.

The owner of property so injured is not compelled to resort to this fund. He may proceed directly against the owner or keeper of the dog, under s. 4051, which makes such owner or keeper liable, in an action of trespass founded on the statute, for double damages with double costs :

"And if the injury complained of is occasioned by two or more dogs acting jointly, belonging to different owners or keepers, the person injured may have a joint action against the different owners or keepers of such dogs, and recover joint damages and costs against all."

Section 4049 is as follows :

"The town treasurer may, and when ordered by the selectmen shall, bring an action of tort against the owner or keeper of a dog concerned in doing damage to sheep, etc., in said town, which damages the selectmen have ordered to be paid, to recover the full amount thereof to the use of said town."

In view of the manner and purpose of the appraisal by the town, the reasonable construction of s. 4049 is that the town has its action to recover the amount of actual damages rather than the amount of the appraisal. In this case the referee found from the evidence that the amount of the appraisal was in fact the actual damages. The words "to recover the full amount thereof" may be construed to refer to the actual damages and not to the amount of the appraisal, which might or might not be identical. It is the duty of the court—if it can reasonably do so—to give a construction to a statute which will render it effectual to carry out the

purpose of the legislature, rather than to declare it nugatory. It seems to have been the intention of the legislature to confer upon towns, in such cases, the right to recover actual damages to be ascertained by due process of law.

At common law two or more persons owning dogs severally are not jointly liable for acts of mischief done by such dogs jointly. As was said by Swift, C. J., in *Russell* v. *Tomlinson et al.*, 2 Conn. 206, "This would be giving dogs a power of agency which no animal was ever supposed to possess." But our statute permits the joinder of the several owners of such dogs when the action is brought by the person whose property has been injured, and takes the case out of the common law rule. *Rowe* v. *Bird*, 48 Vt. 578; *Remele* v. *Donahue*, 54 Vt. 555.

As the legislature, by s. 4049, gave the right of action to the town after the selectmen had ordered the damages paid, it was its evident intention to give with it all rights incident to the action for the recovery of actual damages, thus subrogating the town to the rights of the party injured.

The declaration is sufficient. It alleges the wrongful keeping of the dogs by the defendants and allowing them to roam off their premises, knowing their propensity to chase and kill sheep; that the dogs did chase and kill the sheep of Merritt Mitchell; that the town had appraised and paid the damages therefor, and that an action had accrued to the plaintiff to recover the same under the statute.

There was some evidence tending to show that the two dogs were jointly concerned in the mischief done, so the finding of the referee was justified and is conclusive.

*Judgment affirmed.*

Start, J., having been counsel, did not sit.