STOLL v. PACIFIC COAST S. S. CO.

(District Court, W. D. Washington, S. D. April 28, 1913.)

No. 1,241.

COMMERCE (§ 10*)—MASTER AND SERVANT (§ 16½, New, vol. 16 Key-No. Series) —STATE WORKMEN'S COMPENSATION ACT—CONSTITUTIONALITY.

The Washington Workmen's Compensation Act (Laws Wash. 1911, c. 74), which substitutes a system of state compensation for all private rights of action in case of injury to a workman engaged in any of the occupations specified, is within the police powers of the state, is constitutional and valid, and extends to workmen employed in interstate commerce by water, in the absence of any congressional legislation on the subject.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 8; Dec. Dig. § 10.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by J. L. Stoll against the Pacific Coast Steamship Company. On demurrer to affirmative defense. Overruled.

Arnold & Mitchell, of Tacoma, Wash., for plaintiff.

Farrell, Kane & Stratton, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This is a suit for personal injuries alleged to have been suffered by the plaintiff at Tacoma, while employed receiving and storing cargo aboard a ship; that is, a stevedore. The plaintiff is a citizen of Washington, while the defendant is a California corporation and interstate water carrier between the ports of Puget Sound and those in other states and territories of the United States. The matter is before the court on demurrer to an affirmative defense, alleging that the employment in which plaintiff was engaged at the time of his injury was covered by a Washington law for the compensation, by the state, of injured workmen. This law recites and provides:

"The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the workman and that little only at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wageworker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents, is hereby provided regardless of question of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided. * * *" Section 1, Laws 1911, pp. 345, 346.

"Insomuch as industry should bear the greater portion of the burden of the cost of its accidents, each employer shall, prior to January 15th of each year, pay into the state treasury, in accordance with the following schedule, a sum equal to a percentage of his total pay roll for that year, to wit (the same being deemed the most accurate method of equitable distribution of burden in proportion to relative hazard): [Setting out table of percentage of wages to be paid in various industries.] * * *

"The fund thereby created shall be termed the 'accident fund,' which shall be devoted exclusively to the purpose specified for it in this act. * * *" Section 4, Laws 1911, pp. 349, 352.

"Each workman who shall be injured whether upon the premises or at the plant or, he being in the course of his employment, away from the plant of his employer, or his family or dependents in case of death of the workman, shall receive out of the accident fund compensation in accordance with the following schedule, and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever. * * *" Section 5, Laws 1911, p. 356.

"The provisions of this act shall apply to employers and workmen engaged in intrastate and also in interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, except that any such employer and any of his workmen working only in this state may, with the approval of the de-

partment, and so far as not forbidden by any act of Congress, voluntarily accept the provisions of this act by filing written acceptances with the department. Such acceptances, when filed with and approved by the department, shall subject the acceptors irrevocably to the provisions of this act to all intents and purposes as if they had been originally included in its terms. Payment of premium shall be on the basis of the pay roll of the workmen who accept as aforesaid. * * * " Section 18, p. 367.

"Any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence (except as otherwise provided in subdivision (1) of section numbered 5) in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. No such appeal shall be entertained unless notice of appeal shall have been served by mail or personally upon some member of the commission within twenty days following the rendition of the decision appealed from and communication thereof to the person affected thereby. No bond shall be required, except that on appeal by the employer from a decision of the department under section 9 shall be ineffectual unless, within five days following the service of notice thereof, a bond, with surety satisfactory to the court, shall be filed, conditioned to perform the judgment of the court. Except in the case last named an appeal shall not be a stay. The calling of a jury shall rest in the discretion of the court except that in cases arising under sections 9, 15 and 16 either party shall be entitled to a jury trial upon demand. It shall be unlawful for any attorney engaged in any such appeal to charge or receive any fee therein in excess of a reasonable fee, to be fixed by the court in the case, and, if the decision of the department shall be reversed or modified, such fee and the fees of medical and other witnesses and the costs shall be payable out of the administration fund, if the accident fund is affected by the litigation. In other respects the practice in civil cases shall apply. Appeal shall lie from the judgment of the superior court as in other civil cases. The attorney general shall be the legal adviser of the department and shall represent it in all proceedings, whenever so requested by any of the commissioners. In all court proceedings under or pursuant to this act the decision of the department shall be prima facie correct, and the burden of proof shall be upon the party attacking the same." Section 20, pp. 368, 369.

## Plaintiff's points and authorities are as follows:

Plaintiff has a right to have his controversy with the defendant determined in the United States District Court. Sections 1 and 2, article 3, Constitution of the United States.

The Washington act interferes with interstate commerce. Section 8, article 1, Constitution of the United States; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 5 Sup. Ct. 826, 29 L. Ed. 158; House Roll No. 20,310; Act April 22, 1908, 35 S. L. 65, c. 149 (U. S. Comp. St. Supp. 1909, p. 1171), amended by Act April 5, 1910, 36 Stat. at L. 291, c. 143 (U. S. Comp. St. Supp. 1911, p. 1329); Mondou v. N. Y., etc., R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Employers' Liability Cases, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297 (construing Act June 11, 1906, 34 Stat. at L. 232, c. 3073 [U. S. Comp. St. Supp. 1911, p. 1316]).

The act deprives both plaintiff and defendant of property without due process of law, in violation of the fifth and fourteenth amendments to the Constitution, and section 3, article 1, Declaration of Rights, Washington State Constitution. Hibben v. Smith, 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195; Trustees Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. Ed. 629; Ex parte Wall, 107 U. S. 265, at 289, 2 Sup. Ct. 569, 27 L. Ed. 552; Hovey v. Elliott, 167 U. S. 409. 17 Sup. Ct. 841, 42 L. Ed. 215; 8 Enc. of Law & Pro., 1081, footnote 58; Holden v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. Ed.

780; Ives v. So. Buffalo Ry. Co., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156; Ziegler v. S. & N. Ala. R. Co., 58 Ala. 594; Jensen v. Union Pac. Ry. Co., 6 Utah, 253, 21 Pac. 994, 4 L. R. A. 724; Allgeyer v. Louisiana, 165 U. S. 578, 17 Sup. Ct. 427, 41 L. Ed. 833; In re Aubrey, 36 Wash. 308, 78 Pac. 900, 104 Am. St. Rep. 952, 1 Ann. Cas. 927; State v. Brown, 37 Wash. 97, 79 Pac. 635, 68 L. R. A. 889, 107 Am. St. Rep. 798; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; Chicago, etc., R. R. v. Chicago, 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979; Fayerweather v. Ritch, 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193; Oregon R. & N. Co. v. Smalley, 1 Wash. 206, 23 Pac. 1008, 22 Am. St. Rep. 143; Jollife v. Brown, 14 Wash. 155, 44 Pac. 149, 53 Am. St. Rep. 868; Wadsworth v. Union Pac. Ry. Co., 18 Colo. 600, 33 Pac. 515, 23 L. R. A. 812, 36 Am. St. Rep. 309; Cottrel v. U. P. Ry. Co., 21 Pac. 416;[1] Thompson v. N. P. Ry. Co., 8 Mont. 279, 21 Pac. 25; Atchison, etc., Ry. Co. v. Baty, 6 Neb. 37, 29 Am. Rep. 356; Angle v. Chicago, St. P., M. & O. R. Co., 151 U. S. 1, 14 Sup. Ct. 240, 38 L. Ed. 55; 20 Am. & Eng. Enc. of Law (2d Ed.) 54; Braydon v. Stewart (Eng.) 2 Macq. H. L. 30; Walker v. Bolling, 22 Ala. 294; Harrison v. Central R. Co., 31 N. J. Law, 293; Faulkner v. Erie R. Co., 49 Barb. (N. Y.) 324; Hallower v. Heney, 6 Cal. 209; Chicago, etc., R. Co. v. Minnesota, 134 U. S. 418, 10 Sup. Ct. 462, 33 L. Ed. 970.

The act deprives the plaintiff of the right to trial by jury, guaranteed by the seventh amendment to the Constitution of the United States and section 21, article 1, of the Constitution of the state of Washington. Parsons v. Bedford, 3 Pet. (28 U. S.) 433, 7 L. Ed. 732; State ex rel. Clark v. Neterer, 33 Wash. 535, 74 Pac. 668; Dacres v. O. R. & N. Co., 1 Wash. 525, 20 Pac. 601; State ex rel. Mullen v. Doherty, 16 Wash. 382, 47 Pac. 958, 58 Am. St. Rep. 39; Graves v. N. P. Ry. Co., 5 Mont. 556, 6 Pac. 16, 51 Am. Rep. 81; Fairchild v. Rich, 68 Vt. 202, 34 Atl. 692; East Kingston v. Towle, 48 N. H. 57, 97 Am. Dec. 575, 2 Am. Rep. 174; No. Penn. Coal Co. v. Snowden, 42 Pa. 488, 82 Am. Dec. 530; Plimpton v. Somerset, 33 Vt. 283; King v. Hopkins, 57 N. H. 334.

The act is not within the police power of the state. 22 Am. & Eng. Enc. of Law (2d Ed.) 569; The License Cases, 5 How. (46 U. S.) 504, 12 L. Ed. 256; Lake Shore, etc., R. Co. v. Smith, 173 U. S. 685, 19 Sup. Ct. 565, 43 L. Ed. 585; Railroad Co. v. Husen, 95 U. S. 465, 24 L. Ed. 527; Slaughter House Cases, 16 Wall. 36, 21 L. Ed. 394; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385; Lochner v. New York, 198 U. S. 45, 25 Sup. Ct. 539, 49 L. Ed. 937, 3 Ann. Cas. 1133; Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; State v. Brown, 37 Wash. 97, 79 Pac. 635, 68 L. R. A. 889, 107 Am. St. Rep. 798; Iler v. Ross, 64 Neb. 710, 90 N. W. 869, 57 L. R. A. 895, 97 Am. St. Rep. 676; Holden v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. Ed. 780; Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205.

The act denies the equal protection of the law, guaranteed by the fourteenth amendment to the Constitution of the United States. Cotting v. Kansas City Stock Yards Co. (Cotting v. Godard) 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92.

The act imposes a tax for a private and not a public purpose. Cooley on Taxation (3d Ed.) 84; Bush v. Board of Supervisors, 159 N. Y. 212, 53 N. E. 1121, 45 L. R. A. 556, 70 Am. St. Rep. 538; Loan Association v. Topeka, 87 U. S. (20 Wall.) 655, 22 L. Ed. 455; Dodge v. Mission, etc., 107 Fed. 827, 46 C. C. A. 661, 54 L. R. A. 242; Mead v. Inhabitants of Acton, 139 Mass. 341, 1 N. E. 413; Kingman v. City of Brockton, 153 Mass. 255, 26 N. E. 998, 11 L. R. A. 123; Deering v. Peterson, 75 Minn. 118, 77 N. W. 568; Lucas County v. State, 75 Ohio St. 114, 135, 78 N. E. 955.

The federal courts should not consider the state decision, upholding the law, as controlling upon any question involved, because the state decision was upon a moot case. State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 2 Idaho (Hasb.) 576.

Defendant's points and authorities are as follows:

Origin, growth, and present problems of the law of negligence as affecting the employer and employé. Whigmore's Essay on Legal Responsibility for Tortious Acts, Its History, 3 Select Essays on Anglo-American Legal History, p. 474 et seq., 509 et seq., 507; Street, Foundations of Legal Liability, vol. 1, p. 76; pp. 52–59, 77, 78; Castle v. Duryee, *41 N. Y. 169; Priestley v. Fowler, 3 Meeson & Wellsby, 1; Murray v. South Carolina R. R. Co., 1 McMul. (S. C.) 385, 36 Am. Dec. 268; Farwell v. Boston, etc., R. R. Corporation, 4 Metc. (Mass.) 49, 38 Am. Dec. 339; Johnson v. Southern Pacific Ry. Co., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363; Muller v. Oregon, 208 U. S. 412, 28 Sup. Ct. 324, 52 L. Ed. 551, 13 Ann. Cas. 957; Noble State Bank v. Haskell, 219 U. S. 104, 31 Sup. Ct. 188. 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487; Zacher on American Industries (May, 1911) p. 19; Compensation for Industrial Accidents, at a Conference of Commissioners of Different States held in Chicago, 1910, by A. T. Saunders.

The act of the Washington Legislature is only a reasonable exercise of the state's police power. Railway Co. v. Mower, 16 Kan. 573; Commonwealth v. Alger, 7 Cush. (Mass.) 53; Thorpe v. Rutland, etc., R. R. Co., 27 Vt. 149, 62 Am. Dec. 625; Railroad Co. v. Husen, 95 U. S. 465, 24 L. Ed. 527; People v. King, 110 N. Y. 418, 18 N. E. 245, 1 L. R. A. 293, 6 Am. St. Rep. 389; C., B. & Q. Ry. Co. v. Illinois, 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175; Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77; Barbier v. Connolly, 113 U. S. 31, 5 Sup. Ct. 357, 28 L. Ed. 923; In re Kemmler, 136 U. S. 436, 10 Sup. Ct. 930, 34 L. Ed. 519; Camfield v. U. S., 167 U. S. 518, 17 Sup. Ct. 864, 42 L. Ed. 260; Karasok v. Peier, 22 Wash. 419, 61 Pac. 30, 50 L. R. A. 345; State v. Carey, 4 Wash. 427, 30 Pac. 729; Smith v. Spokane, 55 Wash. 221, 104 Pac. 249, 19 Ann. Cas. 1220; McGehee on Due Process of Law, p. 301; State v. Buchanan, 29 Wash. 602, 610, 611, 70 Pac. 52, 59 L. R. A. 342, 92 Am. St. Rep. 930; People v. Strollow, 191 N. Y. 42, 83 N. E. 573; Driscoll v. Allis-Chalmers Co., 144 Wis. 451, 129 N. W. 401, 408; Holden v. Hardy, 169 U. S. 366, 387, 18 Sup. Ct. 383, 42 L. Ed. 780; McGehee on Due Process of Law, p. 362; Bowes v. Aberdeen, 58 Wash. 542, 109 Pac. 369, 30 L. R. A. (N. S.) 709; Chicago, etc., Ry. Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. 184, 28 L. Ed. 787.

The guaranty of due process of law does not limit the exercise of police power. Freund, Police Power, §§ 20, 63; Barbier v. Connolly, 113 U. S. 31, 5 Sup. Ct. 357, 28 L. Ed. 923; Jones v. Brim, 165 U. S. 180, 17 Sup. Ct. 282, 41 L. Ed. 677; L'Hote v. New Orleans, 177 U. S. 587, 20 Sup. Ct. 788, 44 L. Ed. 899; Cunnius v. Reading School District, 198 U. S. 469, 25 Sup. Ct. 721, 49 L. Ed. 1125, 3 Ann. Cas. 1121; McGehee on Due Process of Law, pp. 306, 308; Gundling v. Chicago, 177 U. S. 183, 20 Sup. Ct. 633, 44 L. Ed. 725; McLean v. Arkansas, 211 U. S. 547, 29 Sup. Ct. 206, 53 L. Ed. 315; Atkin v. Kansas, 191 U. S. 207, 223, 24 Sup. Ct. 124, 48 L. Ed. 148; McDaniels v. Connelly Shoe Co., 30 Wash. 554, 71 Pac. 37, 60 L. R. A. 947, 94 Am. St. Rep. 889; Hurtado v. California, 110 U. S. 516, 4 Sup. Ct. 111, 292, 28 L. Ed. 232; Murray v. Land, etc., Co., 18 How. 273, 15 L. Ed. 372; State ex rel. O. R. & N. Co. v. Railroad Commission, 52 Wash. 17, 100 Pac. 179; Twining v. New Jersey, 211 U. S. 78, 98, 29 Sup. Ct. 14, 53 L. Ed. 97.

The act is within the police power of the state, both as to provisions concerning the burden put upon the employer and the limitations in right given the employé. Missouri Pac. Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Mobile, etc., R. R. Co. v. Turnipseed. 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463; Kiley v. Chicago, etc., Ry. Co., 138 Wis. 215, 119 N. W. 309, 120 N. W. 756; Ditberner v. Chicago, etc., Ry. Co., 47 Wis. 138, 2 N. W. 69; Missouri Pac. Ry. Co. v. Haley, 25 Kan. 35; Missouri Pac. Ry. Co. v. Mackey, 33 Kan. 298, 6 Pac. 291; Bucklew v. Central Iowa Ry. Co., 64 Iowa, 603, 21 N. W. 103; McAunich v. M. & R. Co., 20 Iowa, 338; Mining Co. v. Firstbrook, 36 Colo. 498, 86 Pac. 313, 10 Ann. Cas. 1108; Deppe v. Railroad Co., 36 Iowa, 52; Peirce v. Van Dusen, 78 Fed. 693, 24 C. C. A. 280, 69 L. R. A. 705; Campbell v. Cook, 86 Tex. 630, 26 S. W. 486, 40 Am. St. Rep. 878; Thompson v. Bank-

ing Co., 54 Ga. 509; Railroad Co. v. Ivey, 73 Ga. 499; Missouri Pacific Ry. Co. v. Castle, 172 Fed. 841, 97 C. C. A. 124; Railroad Co. v. Still, 19 Ill. 499, 71 Am. Dec. 236; Railroad Co. v. Jacobs, 20 Ill. 478; Railroad v. Sweeney, 52 Ill. 325; Railroad Co. v. Johnson, 116 Ill. 206, 4 N. E. 381; Coal Co. v. Abbott, 181 Ill. 495, 55 N. E. 131; Coal Co. v. Denman, 185 Ill. 413, 57 N. E.' 192, 76 Am. St. Rep. 45; Western Coal Co. v. Beaver, 192 Ill. 333, 61 N. E. 335; Christian v. Railway Co., 120 Ga. 314, 47 S. E. 923; Railroad Co. v. Wiggins, 113 Ga. 842, 39 S. E. 551, 61 L. R. A. 513; Willingham v. Railroad Co., 113 Ga. 374, 38 S. E. 843; Railroad Co. v. Newman, 94 Ga. 560, 21 S. E. 219; Railroad Co. v. Carroll, 6 Heisk. (Tenn.) 347; Wichita, etc., Co. v. Davis, 37 Kan. 743, 16 Pac. 78, 1 Am. St. Rep. 275; Missouri Pac. Ry. Co. v. Castle, 172 Fed. 841, 97 C. C. A. 124; El Paso & N. E. R. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106; Howard v. Illinois Central R. R. Co., 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297; Ives v. South Buffalo Ry. Co., 201 N. Y. 271, 94 N. E. 431–437, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156; C., B. & Q. R. R. Co. v. McGuire, 219 U. S. 549, 31 Sup. Ct. 259, 264, 55 L. Ed. 328; Hall v. West & Slade Mill Co., 39 Wash. 447, 81 Pac. 915, 4 Ann. Cas. 587; Johnson v. S. P. Co., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363; Walker v. Railroad Co., 135 N. C. 738, 47 S. E. 675; Mott v. Railroad Co., 131 S. C. 234, 42 S. E. 601; Cogdell v. Railway Co., 129 N. C. 398, 40 S. E. 202; Thomas v. Railroad Co., 129 N. C. 392, 40 S. E. 201; Coal Co. v. Abbott, 181 Ill. 495, 55 N. E. 131; Coal Co. v. Denman, 185 Ill. 413, 57 N. E. 192, 76 Am. St. Rep. 45; Davis Coal Co. v. Polland, 27 Ind. App. 697, 60 N. E. 1124; Island Coal Co. v. Swaggerty, 159 Ind. 664, 62 N. E. 1103, 65 N. E. 1026; Narramore v. Railway Co., 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68; U. S. Cement Co. v. Cooper (Ind.) 82 N. E. 981; Hailey v. Railway Co., 113 La. 533, 37 South. 131; Murphy v. Grand Rapids Co., 142 Mich. 677, 106 N. W. 211; Kilpatrick v. Railway Co., 74 Vt. 288, 52 Atl. 531, 93 Am. St. Rep. 887; Johnson v. Coal Co., 88 Ark. 243, 114 S. W. 722, 123 S. W. 1180, 19 L. R. A. (N. S.) 646; Coley v. Railroad Co., 129 N. C. 407, 40 S. E. 195, 57 L. R. A. 817; s. c., 128 N. C. 534, 39 S. E. 43, 57 L. R. A. 817; Lore v. Manufacturing Co., 160 Mo. 608, 61 S. W. 678; Schlemmer v. Buffalo, etc., Ry. Co., 205 U. S. 1, 27 Sup. Ct. 407, 51 L. Ed. 681; The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; Curtis, Merchant Seamen, 106; Sanders v. Stimson Mill Co., 32 Wash. 627, 73 Pac. 688; The Lottawanna Case, 21 Wall. 558, 572, 22 L. Ed. 654; Heeg v. Licht, 80 N. Y. 579, 36 Am. Rep. 654; Fletcher v. Ryland, L. R. 3 H. L. 330; Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455; Railroad Co. v. Munger, 5 Denio (N. Y.) 267, 49 Am. Dec. 239; Wells v. Howell, 19 Johns. (N. Y.) 385; Noyes v. Colby, 30 N. H. 143; Tiffany v. Glover, 3 G. Greene (Iowa) 396; Railroad Co. v. Rollins, 5 Kan. 174; 1 Street, Foundations of Legal Liability, 55, 56, 57, 59; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Muller v. McKesson, 73 N. Y. 195, 29 Am. Rep. 123; Railroad Company v. Zernecke, 183 U. S. 582, 22 Sup. Ct. 229, 49 L. Ed. 339; Boyce v. Anderson, 2 Pet. 150, 7 L. Ed. 379; Bertholf v. O'Reilly, 74 N. Y. 509, 30 Am. Rep. 323; Railway Co. v. Emmons, 149 U. S. 364, 13 Sup. Ct. 870, 37 L. Ed. 769; Railway Co. v. Mackay, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Railway Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611; Rodemacher v. Railway Co., 41 Iowa, 297, 20 Am. Rep. 592; Hart v. Railway Co., 13 Metc. (Mass.) 99, 46 Am. Dec. 719; Jensen v. Railroad Co., 25 S. D. 506, 127 N. W. 650, 35 L. R. A. (N. S.) 1015, Ann. Cas. 1912C, 700; Railway Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909; Railway Co. v. Humes, 155 U. S. 512, 6 Sup. Ct. 110, 29 L. Ed. 463; Jones v. Brim, 165 U. S. 180, 17 Sup. Ct. 282, 41 L. Ed. 677; Grissell v. Railroad Co., 54 Conn. 447, 459, 9 Atl. 137, 1 Am. St. Rep. 138; Atlantic, etc., R. R. Co., v Riverside Mills, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; St. Louis, Iron Mountain, etc., Ry. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061; Kreymborg v. Thurston, 63 Wash. 219, 115 Pac. 77; Glucina v. Goss Brick Co., 63 Wash. 401, 115 Pac. 843; C., B. & Orient R. R. Co. v. McGuire, 219 U. S. 549, 31 Sup. Ct. 259, 55 L. Ed. 328; Orient Ins. Co. v. Daggs, 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552; Texas & New Orleans R. R. Co. v. Miller, 221 U. S. 408, 31 Sup. Ct. 534, 55 L. Ed. 789;

Wilmington Star Min. Co. v. Fulton, 205 U. S. 60, 27 Sup. Ct. 412, 51 L. Ed 708; Noble State Bank v. Haskell, 219 U. S. 104, 31 Sup. Ct. 186, 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487; s. c., 22 Okl. 48, 97 Pac. 590; Assaria State Bank v. Dolley, 219 U. S. 121, 31 Sup. Ct. 189, 55 L. Ed. 123; Freund on Police Power, § 634; Musco v. United Surety Co., 196 N. Y. 459, 90 N. E. 171, 134 Am. St. Rep. 851; State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; Charlotte, etc., Railroad Co. v. Gibbes, 27 S. C. 385, 4 S. E. 49; New York v. Squire, 145 U. S. 175, 12 Sup. Ct. 880, 36 L. Ed. 666; Consolidated Coal Co. v. Illinois, 185 U. S. 207, 22 Sup. Ct. 616, 46 L. Ed. 872; Railway Co. v. Melton, 218 U. S. 36, 30 Sup. Ct. 676, 54 L. Ed. 921; Buckley v. Brown, Fed. Cas. No. 2,092; Reed v. Canfield, Fed. Cas. No. 11,641; Peterson v. The Chandos (D. C.) 4 Fed. 645; Holt v. Cummings, 102 Pa. 212, 48 Am. Rep. 199; 3 Op. of Atty. Gen. 683; 13 Op. of Atty. Gen. 330; McGlone v. Womack, 129 Ky. 274, 111 S. W. 688, 17 L. R. A. (N. S.) 855; Mitchell v. Williams, 27 Ind. 62; Van Horn v. People, 46 Mich. 183, 9 N. W. 246, 41 Am. Rep. 159; Cole v. Hall, 103 Ill. 30; Holst v. Roe, 39 Ohio St. 340, 48 Am. Rep. 459; Kirby v. Railroad Co., 76 Pa. 506; Martin v. Railroad Co., 203 U. S. 284, 27 Sup. Ct. 100, 51 L. Ed. 184, 8 Ann. Cas. 87; Littleton v. Fowler, 1 Salk. 282; Blackstone's Com. 431; Gray v. Portland Bank, 3 Mass. 364, 3 Am. Dec. 156; Harlow v. Humiston, 6 Cow. (N. Y.) 189; Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77; Mining Co. v. Firstbrook, 36 Colo. 498, 86 Pac. 313, 10 Ann. Cas. 1108; Western Union Telegraph Co. v. Milling Co., 218 U. S. 406, 31 Sup. Ct. 59, 54 L. Ed. 1088, 36 L. R. A. (N. S.) 220, 21 Ann. Cas. 815; Templeton v. Linn County, 22 Or. 313, 29 Pac. 795, 15 L. R. A. 730; Williams v. Galveston, 41 Tex. Civ. App. 63, 90 S. W. 505; Sawyer v. Railway Co., 49 Tex. Civ. App. 106, 108 S. W. 718; Eastman v. Clackamas (C. C.) 32 Fed. 24; Bennet v. Hargus, 1 Neb. 419; Railway Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695.

The act does not deprive plaintiff of the liberty of contract. Hooper v. California, 155 U. S. 648, 15 Sup. Ct. 207, 39 L. Ed. 297; Booth v. Illinois, 184 U. S. 425, 22 Sup. Ct. 425, 46 L. Ed. 623; Barbier v. Connolly, 113 U. S. 31, 5 Sup. Ct. 357, 28 L. Ed. 923; Frisbie v. U. S., 157 U. S. 160, 15 Sup. Ct. 586, 39 L. Ed. 657; Holden v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. Ed. 780; Railway Co. v. Paul, 173 U. S. 404, 19 Sup. Ct. 419, 43 L. Ed. 746; State v. Buchanan, 29 Wash. 602, 70 Pac. 52, 59 L. R. A. 342, 92 Am. St. Rep. 930; Howard v. Ill. Ry. Co., 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297; El Paso, etc., Ry. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106; Knoxville Iron Co. v. Harbison, 183 U. S. 13, 21, 22 Sup. Ct. 1, 46 L. Ed. 55.

The act does not deny the equal protection of the law. Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160; Missouri Pacific Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Minneapolis, etc., Ry. Co. v. Herrick, 127 U. S. 210, 8 Sup. Ct. 1176, 32 L. Ed. 109; Railway Co. v. Pontius, 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675; Callahan v. Railway Co., 170 Mo. 473, 71 S. W. 208, 60 L. R. A. 249, 94 Am. St. Rep. 746, affirmed in 194 U. S. 628, 24 Sup. Ct. 857, 48 L. Ed. 1157; Ditberner v. Railway Co., 47 Wis. 138, 2 N. W. 69; Hancock v Railway Co., 124 N. C. 222, 32 S. E. 679; Thompson v. Banking Co., 54 Ga. 509; Railway Co. v. Ivey, 73 Ga. 499; Lavallee v. Ry. Co., 40 Minn. 249, 41 N. W. 974; Deppe v. Railway Co., 36 Iowa, 52; Railway Co. v. Montgomery, 152 Ind. 1, 49 N. E. 582, 69 L. R. A. 875, 71 Am. St. Rep. 301; Railway Co. v. Lassiter, 58 Fla. 234, 50 South. 428, 19 Ann. Cas. 192; Schradin v. Railroad Co., 194 N. Y. 534, 87 N. E. 1126; Wilmington Min. Co. v. Fulton, 205 U. S. 60, 27 Sup. Ct. 412, 51 L. Ed. 708; Coal Co. v. Illinois, 185 U. S. 203, 22 Sup. Ct. 616, 46 L. Ed. 872; Chicago, M. & St. P. Ry. Co. v. Westby, 178 Fed. 619, 102 C. C. A. 65; Railway Co. v. Melton, 218 U. S. 36, 30 Sup. Ct. 676, 54 L. Ed. 921; Railway Co. v. Castle, 172 Fed. 841, 97 C. C. A. 124; Peirce v. Van Dusen, 78 Fed. 693, 24 C. C. A. 280, 69 L. R. A. 705; Traction Co. v. Kirney, 171 Ind. 612, 85 N. E. 954, 23 L. R. A. (N. S.) 711; Mobile, etc., R. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463.

The act does not violate any right to trial by jury. Koppikus v. Capitol

Commissioners, 16 Cal. 248; 24 Cyc. 106; East Kingston v. Towle, 48 N. H. 57, 97 Am. Dec. 575, 2 Am. Rep. 174; People v. Hill, 163 Ill. 186, 46 N. E. 796, 36 L. R. A. 634.

The enforced contribution for which provision is made in the act is not a tax for a private purpose. State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; Baldwin v. Railroad Co., 85 Ala. 619, 5 South. 311, 7 L. R. A. 266; People v. Harper, 91 Ill. 357; Railroad Co. v. People, 181 Ill. 270, 54 N. E. 961, 48 L. R. A. 554; Railway Co. v. Gibbes, 27 S. C. 385, 4 S. E. 49, affirmed 142 U. S. 386, 12 Sup. Ct. 255, 35 L. Ed. 1051; Morgan v. Louisiana, 118 U. S. 455, 6 Sup. Ct. 1114, 30 L. Ed. 237; City of New Orleans v. Hop Lee, 104 La. 601, 29 South. 214; People v. Squire, 107 N. Y. 593, 14 N. E. 820, 1 Am. St. Rep. 893; McGlone v. Womack, 129 Ky. 274, 111 S. W. 688, 17 L. R. A. (N. S.) 855; Firemen's Benevolent Association v. Lounsbury, 21 Ill. 511, 74 Am. Dec. 115.

Section 2, article 3, of the Constitution of the United States providing, "The judicial power shall extend to all cases, in law * * * arising under this Constitution, the laws of the United States, and * * * to controversies * * * between citizens of different states," and plaintiff and defendant being citizens of different states, plaintiff contends that section 1 of the state law, declaring, "All phases of the premises are withdrawn from private controversy," contravenes the above constitutional provisions, if applicable to this case, and that plaintiff has a constitutional right to be heard in the United States District Court.

This might be true if the right of action remained, but the above law has ended the controversy between the parties. The only controversy left, by the terms of this law, is one between the plaintiff and the state as to the nature and extent of his injuries. These once established, the amount of his recovery is fixed. The question then becomes one of whether there is any constitutional limitation on a state's power to abolish the right of action; that is, whether it is taking liberty or property without due process of law. This will be referred to later in connection with the decision upholding the act by the Supreme Court of the state of Washington.

It is further contended that the terms of the act (section 18, supra) show that it was intended that it should not apply to interstate commerce. The act provides:

"The provisions of this act shall apply to employers and workmen engaged in intrastate and also in interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce. * * *"

The intention shown is merely that, after Congress enacts a workmen's compensation law, if it ever should, and in cases where it has already done so, if any, which it was feared, otherwise, might have defeated the act, the terms of the state law would only apply to employers and workmen, "to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce. * * *" By this limitation in the nature of an exception, the intention is shown to exclude what would, by the general terms of the act, have been included.

Section 1 of the act declares that:

"The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions."

Reasons are then given for this legislative declaration, the act providing:

"All phases of the premises are withdrawn from private controversy * * * to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

The foregoing shows an intention to legislate for all engaged in the extrahazardous employments enumerated in the act.

Plaintiff's contention that, before being bound by the terms of the act, an express contract in writing must be entered into by an employer and employé engaged in interstate commerce, is not warranted by this section, which provides:

"Except that any such employer and any of his workmen working only in this state may, with the approval of the department, and so far as not forbidden by any act of Congress, voluntarily accept the provisions of this act by filing written acceptances with the department." Section 18.

The intention shown by this language is that the law should apply to those accepting its terms in writing, even after Congress had legislated formally upon the subject, as long as such contracts were not expressly forbidden by Congressional legislation.

The foregoing shows an intention to legislate for all, including those engaged in interstate commerce, contrary to the contention made.

It is further contended that, if the terms of the act include those engaged in interstate commerce, it is an interference with interstate commerce and cannot be enforced. Congress having in no way legislated in the premises, at least so far as interstate commerce by water is concerned, the state has the right to enact laws incidentally affecting interstate commerce. This act does no more. Second Employers' Liability Cases, 223 U. S. 1, at pages 54 and 55, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Sherlock v. Alling, 93 U. S. 99, 23 L. Ed. 819; Smith v. Alabama, 124 U. S. 465, 473, 480, 482, 8 Sup. Ct. 564, 31 L. Ed. 508; Nashville, etc., Ry. v. Alabama, 128 U. S. 96, 99, 9 Sup. Ct. 28, 32 L. Ed. 352; Reid v. Colorado, 187 U. S. 137, 146, 23 Sup. Ct. 92, 47 L. Ed. 108.

Other questions have been urged upon the demurrer:

That the act deprives both plaintiff and defendant of property without due process of law, in violation of the fifth and fourteenth amendments to the Constitution, and section 3, article 1, Declaration of Rights, Washington State Constitution;

That the act deprives the plaintiff of the right to trial by jury, guaranteed by section 21, article 1, Constitution of the state of Washington, and the seventh amendment to the Constitution of the United States;

The act is not within the police power of the state;

The act denies the equal protection of the law guaranteed by the fourteenth amendment to the Constitution of the United States; and

The act imposes a tax for a private and not a public purpose.

All these questions have been decided adversely to the plaintiff's contention by the Supreme Court of the state of Washington. State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466. To warrant this court in undertaking to determine otherwise, after such holding by a court of concurrent authority, the error of such decision should be so clearly established as to convince this court that a mistake had been made, which is not the case.

The decision of the state Supreme Court is exhaustive and convincing, and, without entering upon a consideration in extenso of the reasons for so holding, but basing the decision upon the reasons advanced in that case, the demurrer is overruled.