## ASSARIA STATE BANK v. DOLLEY, BANK COM-MISSIONER OF THE STATE OF KANSAS.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 617.    Argued December 8, 1910.—Decided January 3, 1911.

*Noble State Bank* v. *Haskell, ante,* p. 104, followed to effect that a state statute establishing a Bank Depositors' Guaranty Fund and re-quiring banks to contribute thereto is not unconstitutional as de-priving the banks of their property without due process of law or denying them the equal protection of the law.

A state law which affects the needed charges to cure an existing evil by creating motives for voluntary action instead of by compulsion, may still be a police regulation.

One who can avail of benefits given by a state statute cannot object to the statute as denying him equal protection of the law because he does not choose to put himself in the class obtaining such benefits.

The Bank Depositors' Guaranty Fund of 1907, of Kansas, is not un-constitutional as denying equal protection of the law because it applies only to banks which contribute to the fund, or on account of preferences between classes of depositors, or because incorporated banks with a surplus of ten per cent have privileges over unincorpo-rated banks.

THE facts are stated in the opinion.

*Mr. John L. Webster, Mr. Chester I. Long* and *Mr. J. W. Gleed,* with whom *Mr. B. P. Waggener* and *Mr. John L. Hunt* were on the brief, for appellants: [1]

The so-called Bank Guaranty Law is not a regulation of either banks or banking. It is a law creating an insur-

---

[1] See also arguments in support of, and against, the constitutionality of the Depositors Guaranty Fund Acts of Oklahoma in *Noble State Bank* v. *Haskell, ante,* p. 105, and of Nebraska in *Shallenberger* v. *First State Bank, ante,* p. 114.

ance scheme to be conducted by the State, and the expenses raised by general taxation. 27 Opin. Attorney General, 272. The insurer is the State.

The fund for the payment of losses is derived from premiums paid by banks and the fund for the payment of expenses from general taxation. These expenses will exceed the amount of annual premiums paid by all banks. Session Laws of Kansas, 1909, 18, 48.

The assured are the depositors. Nothing in which the banks have any beneficial interest is insured. The risk is the obligation of the bank to certain depositors. The loss is the amount of deposits which the assets of the banks and the double liability of their stockholders is insufficient to pay.

The premium-payers are banks (voluntarily) and taxpayers (compulsory).

Taxation for a private purpose is a taking of property without due process of law. Brannon, Fourteenth Amendment, 160; *Cole* v. *LaGrange*, 113 U. S. 1; *Loan Assn.* v. *Topeka*, 20 Wall. 655; Cooley, Taxation, 67; *Sharpless* v. *Mayor*, 59 Am. Dec. 759.

A statute to compel payment of debts is not a police regulation. *Gulf &c. Ry. Co.* v. *Ellis*, 165 U. S. 150. This law acts by way of gift—by taking the property of one and giving it to another. Police power is simply the enforcement of the maxim, *Sic utere tuo ut alienum non lædas*, and acts by way of restraint. Tiedeman, Police Power, § 1; Freund, Police Power, §§ 3, 8, 22.

An exercise of the police power can be justified only by the necessity of the public generally. This law benefits only a limited class of bank depositors. *Lawton* v. *Steele*, 152 U. S. 133; *Hume* v. *Laurel Cemetery*, 142 Fed. Rep. 553; *Colon* v. *Lusk*, 153 N. Y. 188; *State* v. *Redmon*, 134 Wisconsin, 89; *Fisher* v. *Woods*, 187 N. Y. 90.

This law does not depend upon the necessity of those benefited—the depositors—for its existence, because it may

be put in action only by the voluntary act of private banking corporations. *Larabee* v. *Dolley,* 175 Fed. Rep. 365; Tiedeman, Police Power, § 1; Freund, Police Power, §§ 3, 8, 22; *Lochner* v. *New York,* 198 U. S. 45; *Chicago Ry. Co.* v. *Drainage Com'rs,* 200 U. S. 561; *Reduction Co.* v. *Sanitary Works,* 199 U. S. 306; *Gardner* v. *Michigan,* 199 U. S. 325; *Ritchie* v. *People,* 155 Illinois, 98; *People* v. *Stede,* 231 Illinois, 340.

The law is therefore not an exercise of the police power. No other public purpose justifies it. A public purpose is a governmental purpose. *Dodge* v. *Mission Twp.,* 107 Fed. Rep. 827, 830.

A governmental purpose is one for the accomplishment of which, as shown by history, governments were instituted. *Loan Assn.* v. *Topeka,* 20 Wall. 655; *Opinion of Justices,* 30 N. E. Rep. (Mass.) 1142.

Governments were not instituted for the purpose of insuring deposits or any other property interests.

Considered as an act for the relief of sufferers from bank failures or as an act to pay the debts of banks, the purpose of the act is private and not public. *Baltimore Ry. Co.* v. *Spring,* 89 Maryland, 510; *State* v. *Township of Osawkee,* 14 Kansas, 418; *Lowell* v. *Boston,* 111 Massachusetts, 454; *Loan Assn.* v. *Topeka,* 20 Wall. 655.

The classification under the law is arbitrary and not reasonable as to banks not having ten per cent surplus.

Classification must rest upon some difference which bears a reasonable and just relation to the act in relation to which the classification is proposed. *Gulf &c. Ry. Co.* v. *Ellis,* 165 U. S. 150, and cases cited; *Atchison &c. Ry. Co.* v. *Matthews,* 174 U. S. 96.

The act is for the benefit of depositors. Depositors in banks which have no surplus and which are therefore presumably the weaker banks, need the benefits of the law more than depositors in stronger banks. A classification which deprives them of the benefits of the law has an

unreasonable, rather than a reasonable relation to the object sought to be accomplished by the law. *State* v. *Goodwill*, 33 W. Va. 179.

Classification in accordance with the peculiarities of the bank with which the depositor does business and not in accordance with the needs of the depositor is arbitrary. *State* v. *Haun*, 61 Kansas, 146, 153.

The effect of this arbitrary classification of depositors will be to deprive banks having no surplus of their business and force them to liquidate. These allegations are admitted by the demurrer.

Deprivation of business is deprivation of property. *Osborn* v. *U. S. Bank*, 9 Wheat. 738.

The law therefore deprives banks which have not a ten per cent surplus of property without due process of law. *Hayes* v. *Missouri*, 120 U. S. 68; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Connolly* v. *Pipe Co.*, 184 U. S. 540; *Reagan* v. *Farmers' Co.*, 154 U. S. 362; *Cotting* v. *Stock Yards*, 183 U. S. 79; *State* v. *Goodwill*, 33 W. Va. 179; *McKinster* v. *Sager*, 163 Indiana, 671.

As to banks which have a ten per cent surplus, the alternatives offered are to refuse to insure their depositors and thus lose all their business, or to submit themselves to a law which will compel them to illegally use the money invested by their stockholders, and to illegally discriminate among depositors and creditors.

Mr. *F. S. Jackson*, Attorney General of the State of Kansas, and Mr. *A. C. Mitchell*, with whom Mr. *G. H. Buckman* was on the brief, for appellees:

The Kansas Bank Guaranty Law is a voluntary law and applies only to those who seek and obtain admission to its benefits, and therefore cannot take property without due process of law or deny equal protection of the laws. *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461; *Commonwealth* v. *Merchants' Bank*, 168 Pa. St. 309.

The appellant banks have not presented by their bill such a state of facts as will work a justiciable injury to them. *Supervisors* v. *Stanley*, 105 U. S. 305; *Clark* v. *Kansas City*, 176 U. S. 114; *Smiley* v. *Kansas*, 196 U. S. 447; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461; *Commonwealth* v. *Merchants' Bank*, 168 Pa. St. 309; *Turpin* v. *Lemon*, 187 U. S. 51; *Branton Co.* v. *West Virginia*, 208 U. S. 192; *State* v. *Smiley*, 65 Kansas, 240; *Marbury* v. *Madison*, 1 Cranch, 137; *Tyler* v. *Registration*, 179 U. S. 405.

The appellants, being all citizens of the State of Kansas, have not presented a state of facts which raises a controversy under the Constitution of the United States. *Metcalf* v. *Watertown*, 128 U. S. 586; *Tennessee* v. *Planters' Bank*, 152 U. S. 454; *Blackburn* v. *Portland Mining Co.*, 175 U. S. 571.

The banking business is a public business, and its regulation is within the police power of the State. Freund on Police Power, §§ 400, 401; Tiedeman on Limitation, § 194; *Blaker* v. *Hood*, 53 Kansas, 499; *State* v. *Richcreek*, 5 L. R. A. (N. S.) 878; *S. C.*, 77 N. E. Rep. 1085; *Bank of Augusta* v. *Earle*, 13 Pet. 519; Zane, Banks and Banking, §§ 8, 9; Morse on Banking, § 13; *Bank* v. *San Francisco*, 142 California, 246.

The Kansas Bank Guaranty Law is a regulation of banking and is a proper exercise of the police power of the State. Freund on Police Power, § 400; *Gundling* v. *Chicago*, 177 U. S. 183; *Lawton* v. *Steele*, 152 U. S. 133; *Marbury* v. *Madison*, 1 Cranch, 137; *Otis* v. *Parker*, 187 U. S. 606; *Chicago, B. & Q. Ry. Co.* v. *People*, 200 U. S. 561; *Powell* v. *Pennsylvania*, 127 U. S. 678.

Mr. Justice Holmes delivered the opinion of the court.

This is a bill in equity brought by many state banks of Kansas to prevent the enforcement of the Kansas law

providing for a Bank Depositors' Guaranty Fund. The
defendants demurred. The Circuit Court, while holding
the act unconstitutional, dismissed the bill on the ground
that the appellants did not show that their rights under
the Constitution were infringed, and therefore did not
state a case within the jurisdiction of the court. 175 Fed.
Rep. 365, 375, 381, 382. The ground of complaint was
that the law imposed certain conditions upon sharing the
benefits and burdens of contributors to the Guaranty
Fund, that the appellants would not or could not con-
tribute, and that unless they did the effect of the law would
be to drive them out of business. It was complained also
that whereas theretofore the plaintiffs would have been
entitled to share *pro rata* in the assets of an insolvent bank
to which they had given credit, now depositors with such
of their debtors as should go into the guaranty system
would be preferred. Again, various conditions of the
scheme not affecting the plaintiffs were pointed out as
unreasonable and arbitrary, and the whole act was al-
leged to be unconstitutional and void. There was added
a charge that the act required taxation to meet the ex-
penses of carrying out the scheme. To all this the court
replied that so far as the plaintiffs were concerned, it did
not appear that they could not change their condition so
as to enable themselves to contribute, and that the possi-
ble preference of other creditors was put as a pure specula-
tion, it not being averred that any guaranteed bank in-
debted to any of the plaintiffs had failed, to which it
might be added that the plaintiffs are free to withdraw
their credits and collect their debts now. The charge as
to taxation did not state a case under the Constitution,
and violation of constitutional rights was the only ground
for coming into the Circuit Court.

The case of *Noble State Bank* v. *Haskell*, just decided,
*ante*, p. 104, cuts the root of the plaintiffs' case, except so
far as the Kansas law shows certain minor differences from

that of Oklahoma. The most important of these is that contribution to the fund is not absolutely required. On this ground it is said, and was thought by the Circuit Judge, that the law could not be justified under the police power. We cannot agree to such a limitation. If, as we have decided, the law might compel the contribution on the grounds that we have stated, it may try to bring about the same result by the creation of motives less compulsory than command and of disadvantages in holding aloof less peremptory than an immediate stop. We shall not go through the details of minute criticism urged by the appellants, in most if not all of which they are in no way concerned. Perhaps the most striking of these subordinate matters is the preference of ordinary depositors over other creditors, a preference that seems to be overstated by the appellants. This, obviously, is in aid of what we have assumed to be the one of the chief objects and justifications of such laws, securing the currency of checks. The ordinary deposits are those that are drawn against in that way. Another discrimination complained of is that against unincorporated banks and banks not having a surplus of ten per cent. But if the State might require incorporation it may give advantages to incorporated companies. It might provide that no banking business should be done except by corporations and that corporations should not be formed or continue with less than a surplus of ten per cent, both provisions being for the purpose of assuring safety. If instead of that it allows the plaintiffs to keep on without incorporation and with a smaller surplus they cannot complain that the safer banks will outstrip them as the result of the law. We think it unnecessary to discuss the case more at length.

*Decree affirmed.*