## SOUTH DAKOTA EMPLOYERS' PROTECTIVE ASSOCIATION, Respondent, v. HIRNING et al, Appellants.

### (208 N. W. 584.)

(File No. 5790.   Opinion filed April 22, 1926.)

**Banks and Banking—Mandamus—Depositors' Guaranty Fund—Depositors' Guaranty Fund Does Not Belong to the State, and Court Has Jurisdiction by Mandamus to Protect Interests of Owners Thereof from Its Unlawful Use and to Compel Payment to Those Lawfully Entitled Thereto (Rev. Code 1919, Secs. 9010, 9016, 9020, 9021, and 9030).**

In view of Rev. Code 1919, Secs. 9010, 9016, 9020, 9021, and 9030, the depositors' guaranty fund does not belong to the state, and circuit court has jurisdiction by mandamus to protect interests of owners thereof from its unlawful use and to compel payment to those lawfully entitled thereto.

Note.—See, Headnote, American Key-Numbered Digest, Banks and banking, Key-No. 15, 7 C. J. Sec. 15, Mandamus, Key-No. 73(1), 38 C. J. Sec. 408.

Appeal from Circuit Court, Miner County; HON. ALVA E. TAYLOR, Judge.

Mandamus by the South Dakota Employers' Protective Association against John Hirning, as Superintendent of Banks in and for the State of South Dakota, and others.  From a judgment awarding plaintiff a peremptory writ, defendants appeal.  Affirmed.

*Null & Royhl,* of Huron, for Appellants.
*Caldwell & Caldwell,* of Sioux Falls, for Respondent.

BURCH, C.  Respondent was the owner and holder of a certificate of deposit for $1,000, which the superintendent of banks refused to certify to the guaranty fund commission as provided by section 9020, R. C. 1919.  Respondent procured an alternative writ of mandamus to compel compliance with such section, and upon return to the alternative writ defendants moved to quash the writ upon four grounds: First, that the proceeding is a suit against the state, to the prosecution of which the state has not consented; second, that the circuit court is not vested with jurisdiction in any suit against the state; third, that the supervision, control, management, and administration of the depositors' guar-

anty fund has been vested in the commission, and the courts have no jurisdiction to review, revise, command, or control the commission in the exercise of the powers so granted; fourth, that the superintendent of banks has power to determine the amount necessary to pay depositors and holders of exchange and to determine the good faith of such depositors and holders of exchange, and the courts have no jurisdiction to review, revise, command, or control the superintendent of banks in the exercise of his discretion in making such determination. The motion to quash being denied, defendants stood upon their motion, and the court rendered judgment awarding to plaintiff a peremptory writ of mandamus. From this judgment defendants appeal.

Appellants at the time of the proceedings in the circuit court were state officers. Hirning was superintendent of banks, and he with the other appellants were members of the depositors' guaranty fund commission. No reason is assigned for the refusal to certify the claim, the superintendent taking the position that the courts have no control over his actions in this respect.

All of the questions here presented are answered in the case of First National Bank v. Hirning, 48 S. D. 417, 204 N. W. 901. In that case we held that mandamus to compel the superintendent of banks and the commission to certify and pay claims against the guaranty fund was not a suit against the state, but inasmuch as we did not review the authorities relied upon by appellant nor cite other authorities in support of our holding, we discuss the questions here. In the case of White Eagle Oil & Refining Co. v. Gunderson et al, 48 S. D. 608, 205 N. W. 614, we summarized what may be considered suits against the state as follows:

"Those cases in which the decrees require, by affirmative official action on the part of the defendants, the performance of an obligation which belongs to the state in its political capacity, are suits against the state."

Therefore if the obligation sought to be enforced be an obligation of the state, or if the fund belongs to the state, then the court has no jurisdiction to compel payment, otherwise the mere fact that the defendants are state officers does not deprive the court of jurisdiction.

We think it is plain that the state has not obligated itself to pay plaintiff, nor is there anything in the law to indicate the state

is the owner of the fund. In First State Bank v. Smith, 49 S. D. 518, 207 N. W. 467, we held the assessment upon the bank from which the fund is derived was not a tax. The law creating the fund is a part of the Banking Law of the state. The law declares the fund to be "for the protection of depositors" (section 9010, R. C. 1919). The act provides conditions under which new banks may participate (section 9016), and for equitable adjustment and return of assessments to banks discontinuing business (section 9030). When depositors are paid from the fund, the fund is subrogated to the rights of the depositor paid (section 9021). Throughout the act the funds are treated as belonging to the banks to be held for the benefit of such depositors as may become entitled thereto. The state's interest seems to be entirely supervisory to insure the maintenance and lawful application of the fund to the purposes for which it was created. We are satisfied that the fund does not belong to the state, and that the court has jurisdiction to protect the interest of the owners thereof from its unlawful use, and to compel payment to those lawfully entitled thereto. Appellants rely upon Oklahoma cases, especially Lovett v. Lankford, 145 P. 767, 47 Okl. 12, and a North Dakota case, Wirtz v. Nestos, 200 N. W. 524. The Oklahoma Supreme Court holds that the guaranty fund under the laws of that state are state funds derived from taxation, and the North Dakota court reaches a similar conclusion. These holdings are not in harmony with ours, and those cases are not in point on the question before us.

The other question as to the power of the court to control the action of the superintendent of banks by mandamus, because his duty may require the exercise of discretion and quasi judicial power, is answered in First National Bank v. Hirning, supra, where the character of his acts is analyzed and the conditions under which he may not refuse to certify a claim against the depositors' guaranty fund are fully considered.

The judgment of the circuit court is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J