FARMERS' STATE BANK OF CANTON, Appellant, v. SMITH et al, Respondents.

(209 N. W. 358.)

(File No. 6168.   Opinion filed June 19, 1926.)

1.  **States—Depositors Guaranty Fund—Action by Bank to Restrain Collection of Assessment by Members of Depositors' Guaranty Fund Commission Is Not a Suit Against State.**

    Action by bank to restrain members of depositors' guaranty fund commission from collecting assessment, under Rev. Code 1919, § 9018, for maintenance of guaranty fund is not a suit against state.

2.  **Banks and Banking—Assessment Against Bank for Guaranty Fund, if Law Is Insurance Scheme, Is Loss Payment, So That Certificate of Indebtedness Issued by Fund Cannot Be Set Off Against Assessment (Rev. Code 1919, § 9018, and section 9020, as Amended by Laws 1921, c. 134).**

    Though depositors' guaranty fund law be treated as an insurance scheme, assessment, under Rev. Code 1919, § 9018, against bank, one of insurers, is not an insurance premium, but a loss payment, and hence certificate of indebtedness issued by guaranty fund under section 9020, as amended by Laws 1921, c. 134, cannot be set off against assessment.

3.  **Banks and Banking—True Debtors Under Certificate of Indebtedness Issued by Guaranty Fund Commission Are Banks Undertaking to Maintain Fund (Rev. Code 1919, § 9020, as amended by Laws 1921, c. 134).**

    Guaranty fund, though commission is empowered to issue certificates of indebtedness under Rev. Code 1919, § 9020, as amended by Laws 1921, c. 134, is not a debtor in true sense; true debtors being banks undertaking to maintain fund which is obligated to pay only when funds accrue with which payments may be made.

**4. Banks and Banking—Promise of Depositors' Guaranty Fund to Pay on Certificate of Indebtedness, Being Qualified and Restricted, Cannot Be Set Off Against Assessment Against Bank for Fund (Rev. Code 1919, § 9018, and section 9020, as amended by Laws 1921, c. 134).**

Promise of depositors' guaranty fund to pay bank on certificate of indebtedness issued under Rev. Code 1919, § 9020, as amended by Laws 1921, c. 134, being qualified and restricted to certain time and manner and subject to priorities, is not of same character and quality as assessment under section 9018 for maintenance of fund, and hence certificates cannot be set off against assessment.

**5. Banks and Banking—Assessment Against Bank for Maintenance of Depositors' Guaranty Fund Must Be Paid as Soon as Made; Bank Being Trustee Thereof Until Delivered to Fund (Rev. Code 1919, § 9018).**

Bank contracting with state to insure depositors under depositors' guaranty fund, is under duty to pay assessment made under Rev. Code 1919, § 9018, as soon as made, from which time bank becomes trustee of assessment until delivered to guaranty fund commission.

**6. Banks and Banking—Guaranty Fund Certificates Cannot Be offset Against Assessment for Fund Until Prior Certificates Are Paid in Full (Rev. Code 1919, § 9018, and section 9020, as amended by Laws 1921, c. 134).**

Bank holding depositors' guaranty fund certificate issued under Rev. Code 1919, § 9020, as amended by Laws 1921, c. 134, cannot offset such certificates against assessments for guaranty fund made under section 9018 until prior certificates have been paid in full.

---

Note.—See, Headnote **(1)** American Key-Numbered Digest, States, Key-No. 191(2), 36 Cyc. 919; '**(2)**, **(3)**, **(4)**, **(5)**, and **(6)**, Banks and banking, Key-No. 15, 7 C. J. Sec. 15 (Anno).

Appeal from Circuit Court, Turner County; Hon. L. L. Fleeger, Judge.

Suit by the Farmers' State Bank 'of Canton against F. R. Smith and others, duly appointed, qualified, and active members of the Depositors' Guaranty Fund Commission of the state. From an order sustaining demurrer to complaint, plaintiff appeals. Affirmed.

*Bogue & Bogue,* of Parker, and *Payne, Olson & Barton,* of Vermililon, for Appellant.

*Buell F. Jones,* Attorney General, and *Roy E. Willy,* Special Counsel, of Platte, for Respondents.

BURCH, C. Plaintiff seeks to restrain the defendants, as members of the depositors' guaranty fund commission, from collecting the sum of $1,997.75, assessed for the maintenance of the guaranty fund against the bank, February 1, 1925. Defendants demurred to the complaint on two grounds: First, because the suit is against the state, and for that reason the court is without jurisdiction; and, second, because the complaint does not state a cause of action against defendant. The lower court sustained the demurrer, and plaintiff appeals.

[1] The action is not a suit against the state. First National Bank v. Hirning, 48 S. D. 417, 204 N. W. 901. Respondents make no objection to the form of the complaint, but question the sufficiency of the facts properly pleaded to constitute a cause of action; therefore it will not be necessary to set out the complaint in full. Appellant pleads that an assessment was made under the provisions of section 9018, R. C. 1919, and admits a willingness to pay the assessment, but claims the right to set off an amount equal to the assessment upon an indebtedness due it, evidenced by a certificate of indebtedness issued under the provisions of section 9020, R. C. 1919, as amended by chapter 134, Laws 1921. The certificate is issued against the guaranty fund for $86,210.35, dated August 23, 1924, due March 1, 1925.

The status of such certificates in relation to the fund and the order of payment from such fund is decided in the case of State ex rel. Driscoll v. Smith, 49 S. D. 106, 206 N. W. 233. In that case we said:

"The guaranty fund certificates held by such bank [banks claiming a right of set-off] must take their rank with other certificates in accordance with date of issue and date payable. No right of offset exists in favor of certificates payable March 1, 1925, until all certificates payable March 1, 1924, have been paid in full."

Appellant urges that the Driscoll Case is not authority on this question, for the reason that such question was not squarely presented therein. Without conceding that the holding in the Driscoll Case is dictum, inasmuch as counsel have presented able argument and briefs, we have again considered the question, and more fully set out our reasons for such holding. Appellants con-

tend that set-off will be allowed in all cases where the respective debts are mutual, accrue in the same right, and where they are of the same character and quality. Counsel say:

"In the instant case, there is no want of mutuality in the respective claims, neither is there a difference in the character or the quality of the claims."

[2-5] They argue that, under the holding in First National Bank of St. Cloud v. Hirning et al, 48 S. D. 417, 203 N.W. 901, the creation of the fund is an insurance scheme to insure depositors, and seek to draw an analogy in insurance cases by treating the guaranty fund as a legal entity and the insurer, the assessment as a premium, and the guaranty fund certificates as evidence of indebtedness for loss. In First State Bank of Clarement v. Smith, 49 S. D. 518, 207 N. W. 467, we held the maintenance of the fund to be a contract between the banking corporations and the state as a part of the corporate franchise. Treating the depositors' guaranty fund law as an insurance scheme, the assessments are not insurance premiums due from the insured, but in the present state of the fund are loss payments due from the insurer to the insured; payment to the fund being a means of payment to insured depositors who are not appellant's debtors. This alone would seem to destroy the mutuality of the debts. The appellant bank as one of the insurers certainly cannot set off what it legally owes to others not indebted to it against a claim owing to it from insurers, including itself, by simply treating the funds collected from the several insurers as a legal entity, and then charging the funds with the indebtedness. The guaranty fund, although the commission is empowered to issue certificates of indebtedness, is not in the true sense a debtor. The true debtors are the banks who have undertaken to maintain the fund, while the fund is obligated to pay only if and when funds accrue with which payments may be made. The promise of the fund to pay is qualified and restricted to a certain time and manner of payment subject to priorities. Thus the respective debts are not of the same character and quality. To reason by analogy from insurance cases to a logical conclusion would either bar the bank's right to recover on its certificate until all others are paid, or, if the certificate be paid, would increase its assets for later use in the ultimate payment of all other insured depositors. Instead of basing our reasons upon insurance

principles, we think it better to base them upon the principles of law applicable to the situation as we find it. The banks have contracted with the state to insure depositors. To do so they created a limited fund. That fund is not large enough now to pay all who have a claim to payment for losses incurred. The law provides that such claimants shall be paid in a certain order. In the case of South Dakota Employers' Ass'n v. Hirning, 50 S. D. 126, 208 N. W. 584, we said, after reviewing several sections of the Depositors' Guaranty Fund Act:

"Throughout the act the funds are treated as belonging to the banks to be held for the benefit of such depositors as may become entitled thereto."

[6] As soon as the assesment was made, it was the duty of appellant to place the money at the disposal of the guaranty fund commission to be distributed according to law, and from that time the money due upon assessment was impressed with a trust, and belonged to those designated by statute as entitled thereto. The bank became the trustee of such money until delivered to, or placed at the disposal of, the commission. The Supreme Court of Oklahoma, in the case of State v. Norman, 86 Okla. 36, 206 P. 522, speaks of the guaranty fund as a legal entity capable of being a creditor of an insolvent bank. But, if it may be either a creditor or debtor, it is so in a representative capacity only, as the agent through which the rights of the several principals may be the more readily preserved and enforced. We are satisfied the law in reference to the right of set-off was correctly stated in the above-quoted paragraph of the Driscoll Case. The complaint does not plead that all certificates payable March 1, 1924, have been paid, and, therefore, does not state a cause of action.

Appellant also questions the constitutionality of section 9018. This has been settled by this court in the case of First State Bank of Claremont v. Smith et al., 49 S. D. 518, 207 N. W. 467, except the objection to the penalties of this section not raised in the Claremont case, and need not be further discussed here. The power of the commission to enforce the penalties need not be considered until an attempt is made to enforce them.

The order of the circuit court sustaining the demurrer is affirmed.

CAMPBELL, J., concurs in the result.